UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| MARJORIE OGILVIE, | CASE NO. C18-0718JLR |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO EXTEND CASE DEADLINES |
| v. | |
| THRIFTY PAYLESS INC., et al., | |
| Defendants. | |

Before the court is the parties' stipulated motion to extend certain case deadlines. (*See* Stip. Mot. (Dkt. # 29).) In the motion, the parties request that the court "extend the disclosure of expert testimony, filing of motions related to discovery[,] and the discovery cut-off for 90 days." (*Id.* at 2.) The parties' plan would alter the deadlines as follows:

| | Current Date | Parties' Proposed Date |
|---|---|---|
| Disclosure of expert testimony | April 18, 2019 | July 17, 2019 |
| All motions related to discovery filed by | May 20, 2019 | August 18, 2019 |
| Discovery completed by | June 17, 2019 | September 15, 2019 |

ORDER - 1

(*Id.* at 1-2; Sched. Order (Dkt. # 17) at 1.)  Based on the court's review of the motion and the governing law, the court GRANTS in part and DENIES in part the motion.

The court issues scheduling orders to provide a reasonable timeline for the resolution of disputes.  The court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions in order to ensure that the court has a complete record when considering a motion that could resolve the case.  In addition, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date.  This 90-day period takes into account:  (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* LCR 7(b)(5).  Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution.  In the event parties are unable to meet these deadlines, any request to continue a trial typically results in a trial being rescheduled at the end of the court's current trial calendar.

The Federal Rules of Civil Procedure provide that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).  In contravention of the principles outlined above, the parties' motion, among other things, sets the discovery deadline almost two months after the July 17, 2019, dispositive motions deadline, which means that the court may have to rule on a dispositive motion without a complete record.  (Stip. Mot. at 2; Sched. Order at 1.)  The parties' motion also sets the discovery deadline just one month before the October 15, 2019, trial date, leaving

1 | the parties little time to prepare for trial with all the evidence.  (*Id.*)  The court concludes
2 | that the parties have not shown good cause for this 90-day extension.
3 |       The parties represent that they need the extension "for the purposes of conducting
4 | depositions and completing an expert examination of the Plaintiff."  (Stip. Mot. at 2.)
5 | The court notes that this case was originally filed on March 26, 2018, in Snohomish
6 | County Superior Court and removed to this court on May 17, 2018.  (*See* Not. of Rem.
7 | (Dkt. # 1); Compl. (Dkt. # 1-1).)  As such, the parties had around one year to meet the
8 | relevant deadlines.  (*See* Sched. Order.)  And as explained above, the parties' proposed
9 | 90-day extension creates an unreasonable case schedule.
10 |       However, the court finds good cause to extend the deadlines at issue to July 3,
11 | 2019.  This extension should give the parties ample time to conduct depositions,
12 | complete expert examinations, and meet the relevant deadlines without creating an
13 | unreasonable case schedule.[1]
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //

---

[1] If the parties require further extensions to these deadlines, the parties can file a stipulation agreeing to reschedule the trial at the end of the court's trial calendar, which currently is during the summer of 2020.

The court therefore GRANTS in part and DENIES in part the parties' stipulated motion (Dkt. # 29) and extends the deadlines for disclosure of expert testimony, filing of motions related to discovery, and completing discovery to July 3, 2019.

Dated this 27th day of March, 2019.

JAMES L. ROBART
United States District Judge