1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | MARJORIE OGILVIE, | CASE NO. C18-0718JLR

11 | Plaintiff, | ORDER DENYING STIPULATED
MOTION TO ADJUST THE
CASE SCHEDULE AND
CONTINUE CERTAIN CASE
DEADLINES

12 | v.

13 | THRIFTY PAYLESS INC., et al.,

14 | Defendants.

15       Before the court is the parties' stipulated motion to continue the deadlines for (1)

16 the disclosure of expert witness testimony from May 13, 2020, to September 20, 2020,

17 (2) the discovery cutoff from July 13, 2020, to August 30, 2020, and (3) the dispositive

18 motions deadline and the deadline for motions challenging expert witness testimony from

19 August 11, 2020, to September 30, 2020.  (*See* 5/5/20 Stip. (Dkt. # 44).)  The court denies

20 the parties' stipulated motion for the following reasons.

21       This is not the first time that the parties have asked for an extension to case

22 deadlines.  Defendant Thrifty PayLess, Inc., removed this action to federal district court

ORDER - 1

on May 17, 2018.  (Not. of Rem. (Dkt. # 1).)  On July 17, 2018, the court issued a

scheduling order and set this matter for trial on October 15, 2019.  (*See* Sched. Order

(Dkt. # 17) at 1.)  On March 26, 2019, the parties filed a stipulated motion for an

extension of time to complete discovery.  (3/26/19 Stip. (Dkt. # 29).)  The parties asked

for an approximate 90-day extension of the expert disclosure and discovery cutoff

deadlines.  (*See id.*)  The court denied the parties' request but granted an approximate

2-week extension of the relevant deadlines.  (*See* 3/27/19 Order (Dkt. # 30).)  On June 14,

2019, the parties again filed a stipulated motion seeking to continue the trial date to July

14-16, 2020.  (6/14/19 Stip. (Dkt. # 34).)  The court denied the motion for lack of good

cause but informed counsel that they could stipulate to have the trial date moved to the

end of the court's trial calendar, which at that time was in mid-to-late fall 2020.  (6/25/19

Order (Dkt. # 35).)  On June 28, 2019, the parties filed another stipulated motion asking

the court to continue their trial date to the end of the court's trial calendar.  (6/28/19 Stip.

(Dkt. # 36).)  The court granted the motion and reset the trial date for November 9, 2020.

(6/28/19 Order (Dkt. # 38).)  The court issued an amended case schedule based on the

parties' new November 9, 2020, trial date.  (Am. Sched. (Dkt. # 40).)  The parties now

seek an approximate 90-day extension of the deadlines in the amended case schedule for

the disclosure of expert witness testimony, the discovery cutoff, and the filing of

dispositive motions and motions related to expert witness testimony.  (*See* 5/5/20 Stip.)

　　　　As the court has previously informed the parties, the court issues scheduling

orders setting trial dates and related dates to provide a reasonable schedule for the

resolution of disputes.  (*See* 3/27/19 Order at 2.)  First, the court generally sets the

1    discovery cut-off 30 days prior to the deadline for filing dispositive motions to ensure

2    that the court has before it a complete record when it considers a motion that could

3    potentially dispose of the case.  (*See id.*)  Second, the schedule generally provides 90

4    days between the deadline for filing dispositive motions and the trial date.  (*See id.*)  This

5    90-day period takes into account: (a) an approximate 30-day lag between the date a party

6    files a motion and the date that motion becomes ripe for the court's consideration, *see*

7    Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the

8    court endeavors to rule on the motion, *id.* at LCR 7(b)(5).  (*See* 3/27/19 Order at 2.)

9    Anything short of a 90-day period leaves inadequate time for the parties to consider the

10   court's ruling and plan for trial or an alternate resolution.  (*See id.*)  Although the court

11   has previously explained these principles to the parties, they persist in seeking to reset

12   case deadlines in this matter in contravention of these principles.  (*See* 5/5/20 Stip.)

13           Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be

14   modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good

15   cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify

16   the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

17   607-08 (9th Cir. 1992).  Parties must "diligently attempt to adhere to that schedule

18   throughout the subsequent course of the litigation."  *Jackson v. Laureate, Inc*., 186

19   F.R.D. 605, 607 (E.D. Cal. 1999).  In part, the "good cause" standard requires the parties

20   to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,

21   notwithstanding [the parties'] diligent efforts to comply, because of the development of

22   matters which could not have been reasonably foreseen or anticipated at the time of the

1 | Rule 16 scheduling conference . . . ." *Id.* at 608.  Further, the court's scheduling order

2 | states that the dates are "firm" and that "[t]he court will alter these dates only upon good

3 | cause shown."  (Sched. Order at 2.)  The order clarifies that "failure to complete

4 | discovery within the time allowed is not recognized as good cause."  (*Id.*)

5 |     The court concludes that the parties have not established good cause for an

6 | extension of the case deadlines.  The parties assert that Defendant Assa Abloy Entrance

7 | Systems US Inc.'s expert cannot complete a report without the deposition of Federal Rule

8 | of Civil Procedure 30(b)(6) witnesses, a meeting with client representatives, and

9 | observing the subject door at the Rite Aid location.  (5/5/20 Stip. ¶ 1.)  The parties also

10 | state that "[g]iven the restrictions in place due to the impacts of COVID-19 the past

11 | several months, the parties have not yet completed all depositions in this matter."  (*Id.*

12 | ¶ 3.)  Although the parties assert that the pandemic impacts their ability to take

13 | depositions or hold meetings in person, they do not discuss why they cannot conduct such

14 | depositions and meetings by telephone or other remote means.  (*See generally id.*)

15 | Although the court understands that the parties may have a preference for taking

16 | depositions or meeting in person, given the present circumstances, the court urges the

17 | parties to consider available alternatives.  *See* Fed. R. Civ. P. 30(b)(4) ("The parties may

18 | stipulate—or the court may on motion order—that a deposition be taken by telephone or

19 | other remote means.").  This pandemic may well be with us for many months to come.

20 | We will all need to adjust to keep litigation moving forward.  Unless the parties have

21 | explored alternative means to complete discovery, the court does not consider the mere

22 | existence of the pandemic as "good cause" for a delay in the case schedule.  Further, at

ORDER - 4

1   least part of the delay appears to have nothing to do with the impacts caused by the

2   pandemic, but merely the inability of the parties to agree on scheduling.  (*See* 5/5/20 Stip.

3   ¶ 2 ("The parties were unable to find a mutually acceptable date for the depositions in late

4   2019/early 2020.").)  Accordingly, the court does not find that the parties have

5   established "good cause" for an extension of the relevant case deadlines and DENIES the

6   parties' stipulated motion (Dkt. # 44).

7       Although the court cannot grant the parties' stipulated motion, the court is willing

8   to drop this case to the end of its trial calendar once again and to issue a new case

9   schedule for the deadlines at issue in the parties' stipulated motion and all other

10  unexpired deadlines based on that new trial date.  If the parties would like to move their

11  trial date to the end of the court's trial calendar, they may file a stipulation to so notify

12  the court.  The parties should be aware that the court is presently setting trials in

13  approximately the summer of 2021.

14      Dated this 12th day of May, 2020.

15

16

17  JAMES L. ROBART
    United States District Judge

18

19

20

21

22

ORDER - 5